IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**DEBRA A. BUCHANAN**                               CASE NO. 18-02672-NPO

**DEBTOR**                                          CHAPTER 11

OBJECTION TO CONFIRMATION OF
DEBTOR'S PLAN OF REORGANIZATION

**COMES NOW**, the Mississippi Department of Revenue ("MDOR"), by and through counsel, and files this Objection ("Objection") to the confirmation of the Debtor's *Plan of Reorganization* [Dkt. # 51] ("Plan"). In support of this Objection, MDOR would show the Court the following:

1.  **Proof of Claim.** MDOR is a creditor in this matter. It timely filed amended proof of claim (Claim 1-2) reflecting pre-petition debt of $123,180.57 for unpaid sales, withholding, and income taxes, classified as follows: $41,559.21 secured, $75,168.84 priority, and the remainder general unsecured.

2.  **Class I: Administrative Claims.** This article fails to completely provide MDOR with its statutory protections regarding administrative claims. The Bankruptcy Code makes clear that the entire amount of any debt owed to MDOR for post-petition taxes, including all tax, interest, and penalties accrued through the date of payment, will be paid in full in one lump sum when due without any requirement that MDOR file any claim or request for payment. 11 U.S.C. § 503(b)(1)(B), (C) and (D). The language in this section should state that:

> MDOR shall not be required to file any proofs of claim or requests for payment for the liabilities described in section 503(1)(B) of the Bankruptcy Code. Reorganized Debtor/Debtor shall timely submit returns and remit payment, including penalties and interest, for all taxes due or coming, as required under applicable Mississippi state law and any unpaid taxes, penalties or interest or unfiled returns shall be paid and filed prior to the Confirmation Date. Should the Reorganized Debtor/Debtor fail to so timely file and pay, MDOR may proceed immediately with Mississippi state law remedies for collection of any amounts due without notice to the

Reorganized Debtor/Debtor or the Court and/or seek such relief as may be available from the Court.

The Debtor may owe MDOR a return 2018.

3. **Priority Taxes.** The Plan fails to state that the priority tax claims shall be paid along with non-bankruptcy interest in accordance with sections 511 and 1129(a)(9)(C) of the Bankruptcy Code and Mississippi state law.

4. **Secured Taxes.** With respect to the secured portion of MDOR's POC, the Plan should state that MDOR will receive cash payments in the same manner and over the same period as the priority portion, in accordance with 11 U.S.C. § 1129 (a)(9)(D) and (C). Thus, the Plan should not be confirmed until and unless the payment terms for the Secured Claim satisfy the requirements of the Bankruptcy Code.

5. **Post-Confirmation Taxes.** Before a final decree is entered or this proceeding is terminated, the Bankruptcy Code requires the Debtor/Reorganized Debtor to timely file and pay any and all post-confirmation taxes or be subject to dismissal. The Plan should include language to that effect and the failure to so comply should be considered a material default under the Plan.

6. **Default Provisions.** Default remedy language similar to the following has been approved in many bankruptcy cases in this and other districts and should be added to the plan or confirmation order in this case:

> In the event of a default to file tax returns or pay taxes as provided for in this Plan, MDOR shall send written notice of default to the Debtor or the Reorganized Debtor, as applicable, to the address in MDOR's records. If such default is not cured within 10 business days after such notice of default is mailed, the MDOR may (a) enforce the entire amount of its claims, both pre-confirmation and post-confirmation amounts; (b) proceed with Mississippi state law remedies for collection of any amounts due without notice to the Court or to the Debtor or the Reorganized Debtor and/or (c) seek such relief as may be available from the Court.

7. MDOR also objects to the Plan for other reasons to be determined at a hearing set

on this matter.

WHEREFORE, PREMISES CONSIDERED, the Mississippi Department of Revenue prays that the Debtor's Plan of Reorganization not be approved unless the provisions set forth in an amended plan or the confirmation order are in accordance with the above-stated objections. Further, Mississippi Department of Revenue prays for general relief.

RESPECTFULLY SUBMITTED this January 31, 2019.

                                          MISSISSIPPI DEPARTMENT OF REVENUE

                                          BY: Signed: /s/ Sylvie D. Robinson
                                          Sylvie D. Robinson (MSB # 8931)
                                          Mississippi Department of Revenue Post Office Box 22828
                                          Jackson, MS 39225
                                          Telephone: 601-923-7414
                                          Facsimile: 601-923-7423
                                          E-mail: Sylvie.robinson@dor.ms.gov

## CERTIFICATE OF SERVICE

I, Sylvie D. Robinson, attorney for the Mississippi Department of Revenue, hereby certify that I served this day electronically a true and correct copy of the foregoing *Objection to Confirmation of Plan* via the ECF system to all properly registered parties, including the following:

Attorney for U.S. Trustee
christopher.j.steiskal@usdoj.gov


Michael Bolen Attorney for the Debtor
rmb@hoodbolen.com

Date:January 31, 2019                                                                BY: s/Sylvie D. Robinson

4